UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONETTA BYRD,<br><br>           Plaintiff,<br><br>v.<br><br>JUDGE ROBERT D. OKUN,<br><br>           Defendant. | )<br>)<br>)<br>)<br>) Case: 1:15-cv-01948 Jury Demand<br>) Assigned To : Unassigned<br>) Assign. Date : 11/3/2015<br>) Description: Pro Se Gen. Civil (F Deck)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application and dismiss the complaint.

It appears that plaintiff demands damages of $999,999,999,999 from Judge Okun of the Superior Court of the District of Columbia who dismissed a case plaintiff had brought against the Metropolitan Police Department. Judge Okun enjoys absolute immunity from liability for damages for acts taken in his judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)."). Moreover, this federal

district court has no jurisdiction to review or reverse the decisions of a Superior Court judge. *See, e.g., Rowland v. United States Superior Court,* No. 14–138, 2014 WL 345986, at *1 (D.D.C. Jan. 30, 2014); *Fleming v. United States,* 847 F. Supp. 170, 172 (D.D.C. 1994), *aff'd,* 1994 WL 474995 (D.C. Cir. 1994), *cert. denied,* 513 U.S. 1150 (1995); *see also* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions).

Accordingly, the Court will dismiss this action with prejudice, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

DATE: 10/31/15